

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LORENZO TOBAR,
          Petitioner,

    -against-

WILLIAM LEE,
          Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-422 (TCP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 15 2014 ★
LONG ISLAND OFFICE

PLATT, District Judge.

Before the Court is Lorenzo Tobar's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition challenges Petitioner's conviction, following a jury trial in New York State Supreme Court (Nassau County), and the subsequently imposed sentence. Pet'r's Pet. 1. The Court **DENIES** the Petition.

## BACKGROUND

### A. Facts

On July 20, 2008, Petitioner drove while intoxicated in Hempstead, New York. *See* Resp't's Aff. ii. Petitioner "intentionally rammed his truck into Ludwin Rinaldi Marcia, the man who was dating his ex-girlfriend. Marcia died as a result of [Petitioner's] attack." *Id.* Petitioner was charged with murder in the second degree, under New York Penal Law § 125.25(1), and driving while intoxicated, under New York Vehicle and Traffic Law § 1192.2. *Id.*

During a pre-trial suppression hearing, with the help of a Spanish interpreter, Petitioner agreed to plead guilty to both charges in exchange for a reduced sentence. Hearing Tr. 204:19-205:1. The court asked Petitioner if Petitioner understood the ramifications of his guilty plea; Petitioner affirmed he did understand. *Id.* at 205:7-13. Under oath, Petitioner informed the court that he had extensive discussions with his counsel about his decision to plead guilty. *Id.* at

1

205:14-16. Petitioner affirmed that he was satisfied with his counsel's representation. *Id.* at 206:20-22.

Petitioner told the court he understood that, because he was not a citizen of the United States, he might be deported or denied citizenship. *Id.* at 206:1-4. Petitioner affirmed he understood his right to a jury trial, that the State would have to prove its case beyond a reasonable doubt, Petitioner's witness and self-incrimination rights, and that, by pleading guilty, Petitioner was giving up these rights. *Id.* at 206:23-207:20. Petitioner affirmed that no one had threatened him or forced him in any way to plead guilty. *Id.* at 207:24-208:1.

On April 29, 2009, the court sentenced Petitioner to fifteen years-to-life in prison for the murder charge and one year for driving while intoxicated. Sentencing Tr. 14:2-8. After an appeal, the New York Supreme Court, Appellate Division, affirmed the sentence on February 21, 2012. *People v. Tobar*, 938 N.Y.S.2d 819 (N.Y. App. Div. 2012). The New York State Court of Appeals denied Petitioner's leave to appeal. *People v. Tobar*, 968 N.E.2d 1009 (N.Y. 2012).

## B.  Claims

The Petition is filed on two grounds: (i) Petitioner's guilty plea was involuntary because it was coerced and not based on a knowing and intelligent waiver of his rights;[1] and (ii) Petitioner was denied his constitutional right to effective assistance of counsel.

---

[1] The Petition states three grounds, two of which regard Petitioner's claim that he did not voluntarily and knowingly accept his plea bargain. The Court will review those as a single ground.

# DISCUSSION

A.  **Legal Standard for a Petition for a Writ of Habeas Corpus**

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 131 S. Ct. 770, 780 (2011).

A state prisoner seeking federal habeas review of his state conviction is required first to exhaust all remedies available to him in the State courts. *See* 28 U.S.C. § 2254(b)(1)(a). Exhaustion requires alerting the State courts to the Federal nature of the claim and raising the claim in the State's highest court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999).

> If an application [for a Writ of Habeas Corpus] includes a claim that has been "adjudicated on the merits in State court proceedings," § 2254(d), an additional restriction applies. Under § 2254(d), that application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim": "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." "This is [] 'difficult to meet,' *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011), and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

*Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003) (federal court is barred from granting a habeas petition if the petitioner has not exhausted all available state remedies. "Exhaustion requires a petitioner fairly to present the federal claim in state court." Presentation means a petitioner "has informed the State court of both the factual and the legal premises of the claim he asserts in Federal court.").

In habeas corpus petition review, the Court presumes "the state court's factual findings are correct unless they are rebutted by clear and convincing evidence." *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)).

The Court holds Petitioner's claims have been properly exhausted in State court.

**B.     Ineffective Assistance of Counsel**

    **i.     Legal Standard**

"[T]he proper standard for attorney performance is that of reasonably effective assistance[;] . . . the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688.

"Representation of a criminal defendant entails certain basic duties. Counsel's function is to assist the defendant, and hence counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest . . . . Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.*

"A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal citations omitted).

As to habeas review,

> [t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from

4

an *incorrect* application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington*, 131 S. Ct. at 785-86 (internal citations and quotations omitted; italics in original).

### i.　Analysis

For emphasis, this Court's job, under *Harrington*, is not to decide whether Petitioner's counsel met the *Strickland* standard; rather, it is to determine whether the State court's *Strickland* holding was reasonable. 131 S. Ct. at 785.

The Appellate Division held "[t]he defendant's unsubstantiated claims of coercion and dissatisfaction with the representation by his counsel, which were refuted by his statements during the plea allocution, do not warrant a hearing." *Tobar*, 938 N.Y.S.2d at 819. The Court finds the Appellate Division's holding on this issue was reasonable and did not misapply Federal law. Petitioner stated (with the assistance of a Spanish interpreter) during the plea allocution that he understood the ramifications of the plea agreement and he told the court he was satisfied with his attorney. Indeed, the Appellate Division noted Petitioner's attorney-satisfaction in holding Petitioner received effective assistance of counsel.

There is no evidence in the record to support Petitioner's contention that his counsel badgered him to plead guilty. The Appellate Division's holding was clearly a reasonable application of Federal law.

## C. Involuntary Waiver

### i. Standard

"In the absence of special circumstances, the validity of a plea of guilty is determined by reference to whether it was intelligent and voluntary." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988) (citing *Brady v. United States*, 397 U.S. 742 (1970); *Boykin v. Alabama*, 395 U.S. 238 (1969)). "As a general matter, a plea is deemed 'intelligent' if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *Id.* (citing *Brady v. United States*, 397 U.S. 742, 750 (1970)).

### ii. Analysis

As noted *supra*, Petitioner affirmed in court (with the help of a Spanish interpreter) that no one had threatened, or forced, him to accept the plea bargain. Petitioner affirmed he understood the ramifications of accepting the plea bargain, including the possibility of being deported. The court explained the potential maximum sentences Petitioner to which Petitioner might be sentenced. Petitioner accepted the plea bargain knowingly and voluntarily. The Appellate Division's ruling was clearly reasonable and did not misapply Federal law.

## D. Appealability

The Court shall not issue a certificate of appealability in this case as Petitioner has failed to make a "substantial showing of the denial of a constitutional right". 28 U.S.C. § 2253(c)(2); *see also, e.g., Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Petition for a Writ of Habeas Corpus. The Court orders the Clerk of the Court to serve a copy of this Order upon the parties to this action.

**SO ORDERED.**

Dated: January 15, 2014
      Central Islip, New York

/S/ Thomas C. Platt

---
Thomas C. Platt, U.S.D.J.